UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHONE EDWARD HANDSHAW                                                            PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:15CV103-RHW

PATRICK BRANDLE et al                                                         DEFENDANTS

## ORDER GRANTING IN PART MOTION TO DISMISS

Before the Court is Defendants' motion to dismiss Plaintiff Shone Edward Handshaw's 42 U.S.C. § 1983 prisoner civil rights complaint alleging an illegal seizure and excessive force relating to a traffic stop.  Doc. [22].  Plaintiff alleges that on June 4, 2013, Defendants Patrick Brandle and Christopher Strong, who are officers with the Ocean Springs Police Department, pulled him over for allegedly crossing the fog line.  Doc. [1].  The officers searched Plaintiff and his vehicle but found no weapons or drugs.  Plaintiff alleges that the officers "out of nowhere" began choking Plaintiff and forced him to the ground.  He further alleges that the officers falsely charged him with possession of drugs.  The Court conducted a screening hearing on January 6, 2016, at which time the parties consented to jurisdiction by a United States Magistrate Judge.  *See* Minute Entry (1/6/2016).

Defendants filed the instant motion to dismiss the complaint.  Doc. [22].  Defendants submitted affidavits from Officers Brandle and Strong.  Doc. [23-1] & [23-2].  Officer Brandle stated that he observed Plaintiff's vehicle cross the fog line and driving in a careless manner. Officer Brandle initiated a traffic stop and attempted to verify Plaintiff's identity and the ownership of the vehicle.  While talking with Plaintiff, Officer Brandle observed that Plaintiff was concealing what looked like a plastic bag in his mouth.  Officer Brandle concluded that

Palintiff was attempting to conceal and swallow contraband.  He ordered Plaintiff to spit out the contraband.  Plaintiff refused and was actively trying to swallow the plastic bag.  Officer Brandle states that he put his arm around Plaintiff's neck with his throat in the crook of Officer Brandle's arm to prevent Plaintiff from swallowing the contraband.  Officer Strong assisted in attempting to retrieve the contraband from Plaintiff's mouth.  Eventually, Plaintiff spit out two small clear plastic bags containing crack cocaine.

Plaintiff was later charged and found guilty of resisting arrest, disregarding a traffic control device, and disorderly conduct.  Doc. [23-3] at 1-3.  At the screening hearing, the Court admitted into evidence an order from the Circuit Court of Jackson County, Mississippi, granting Plaintiff's motion to suppress in a state criminal case.  Doc. [27].  The state court order is dated March 24, 2015.  The state court judge determined that evidence obtained during a traffic stop should be suppressed because it was obtained following an invalid or illegal traffic stop without probable cause and therefore the product of an illegal search and seizure.

Liberally construing Plaintiff's complaint, he makes the following constitutional claims: (1) Defendants Brandle and Strong violated his Fourth Amendment rights when they stopped and arrested him without probable cause; and (2) Defendants Brandle and Strong used excessive force against him.  In a response to a Court order, Plaintiff also added as a claim that Defendant Ocean Springs should be liable because the Ocean Springs Municipal Court should have dismissed charges against him based on the testimony and evidence submitted.  Doc. [13] at 1. He further alleged that Defendant City of Ocean Springs violated his Fifth Amendment rights by keeping him incarcerated after the Circuit Court of Jackson County had dismissed all charges. *Id.* at 2.  Plaintiff then repeated his claims that Defendants Brandle and Strong used excessive

force and arrested him without a warrant or probable cause. *Id.* Finally, Plaintiff contended that Defendant City of Ocean Springs has a custom or practice of its officers using excessive force. *Id.*

Defendants have filed what is styled as a motion to dismiss. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). As indicated above, Defendants also submitted affidavits in support of their motion to dismiss. Accordingly, the motion appears to be more in the nature of a motion for summary judgment. In fact, in their reply Defendants argue that Plaintiff failed to present competent summary judgment evidence refuting their claim for qualified immunity. Doc. [26] at 2-3.

The Court finds that Plaintiff's claims against the City of Ocean Springs should be dismissed. Plaintiff attempts to challenge the charges brought against him in municipal court arguing that the charges should have been dismissed based on the testimony and evidence submitted. Plaintiff's claim is prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994), because he seeks damages by calling into question the validity of an outstanding criminal judgment. Although the drug charges in Circuit Court may have been dismissed, the municipal court abstracts indicate that Plaintiff was convicted of various offenses incident to the traffic stop. Plaintiff also has failed to state a claim against the City of Ocean Springs for keeping him incarcerated after the Circuit Court of Jackson County allegedly dismissed all charges. Plaintiff

fails to provide any factual support for this claim.  Plaintiff currently is incarcerated in the Mississippi Department of Corrections system.  At the hearing, he indicated that his probation was revoked as a result of the charges resulting from the traffic stop in question.  Given that his probation has been revoked, which resulted in his incarceration in the MDOC system, Plaintiff offers no explanation for why he should have been released by the City of Ocean Springs.  Finally, Plaintiff fails to state a claim for a custom or practice of its officers using excessive force.  Plaintiff has identified only this single instance of what he alleges to be excessive force.  Isolated violations do not constitute custom and policy.  *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984).

The Court next turns to the claims against Officers Brandle and Strong.  Plaintiff alleges that Officers Brandle and Strong used excessive force against him and that they subjected him to an illegal seizure.  Officers Brandle and Strong assert defenses based on qualified immunity. The qualified immunity analysis is a two-step inquiry.  *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001).  First, the Court must determine whether the Plaintiff has alleged a violation of a constitutional right.  *Id.*  Second, if the plaintiff has alleged a constitutional violation, the Court must decide whether the conduct was objectively reasonable in light of clearly established law.  *Id.*  If the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity.  *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008).  An officer is protected by qualified immunity even when he reasonably, but mistakenly, believed the circumstances justified using more force than in fact was needed.  *Saucier v. Katz*, 121 S.Ct. 2151, 2158 (2001).

In order to state a claim for excessive force, the plaintiff must establish (1) an injury (2)

4

which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). When determining whether a defendant used excessive force, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998). Some of the relevant objective factors in the inquiry regarding the application of force include (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the defendant; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 838-39.

      Looking only at the allegations in his complaint, Plaintiff alleges that Officers Brandle and Strong, out of nowhere, choked him, forced him to the ground, punched him, and falsely charged him with possession of drugs. The affidavits of Officers Brandle and Strong tell a very different story; however, for purposes of Rule 12(b)(6), the Court examines only the allegations in the complaint and construes them in the light most favorable to the Plaintiff. At the screening hearing, Plaintiff indicated that as a result of the incident he had a sore throat with difficulty swallowing and that he suffers post traumatic stress syndrome. The Court finds that the motion to dismiss should be denied with respect to Plaintiff's excessive force claim. The Officers indicate that Plaintiff was hiding contraband in his mouth, thereby justifying their actions. Plaintiff indicates that the attack came "out of nowhere" and that the Officers planted the drugs on him. Whether the Officers' conduct was reasonable depends on which version of facts is true. Hence the question of qualified immunity cannot be determined until the Court first resolves the disputed fact question regarding what happened after the traffic stop.

The Court also finds that the motion to dismiss should be denied with respect to a portion of Plaintiff's Fourth Amendment claim. Plaintiff alleges that the officers illegally detained him without probable cause. In support of this he asserts that video of the traffic stop demonstrates that he did not commit a traffic offense; therefore, the stop was illegal. He also presented an order from the Circuit Court of Jackson County, Mississippi granting a motion to suppress evidence because it was obtained following an invalid or illegal traffic stop without probable cause. Plaintiff has alleged sufficient facts to survive a Rule 12(b)(6) motion. The Court liberally construes Plaintiff's pleadings as requesting an opportunity to develop the record further to demonstrate that the traffic stop was unconstitutional.

Defendants submitted copies of abstracts demonstrating that the Municipal Court of Ocean Springs found Plaintiff guilty of resisting arrest, disregarding traffic control device, and disorderly conduct. To the extent that Plaintiff alleges an improper arrest or conviction with respect to these charges, he has not satisfied the dictates of *Heck v. Humphrey*, 512 U.S. 477 (1994), because he has not alleged that his conviction has been invalidated. However, Plaintiff also submitted an order in which the Circuit Court of Jackson County, Mississippi found a traffic stop to be illegal. In his pleadings and at the screening hearing, Plaintiff stated that the drug charges were dismissed. Presumably the traffic stop in the court's order and the traffic stop that is the subject of this complaint are one in the same. Defendants do not deny that the drugs were excluded and the charges dismissed based on a judicial finding that the traffic stop was illegal.

Plaintiff has stated a Fourth Amendment violation based on an alleged illegal traffic stop. The Circuit Court of Jackson County apparently found that this traffic stop lacked probable cause. *See Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)("qualified immunity defense

cannot succeed where it is obvious that a reasonably competent officer would find no probable cause."). Defendants argue that the suppression order presented by Plaintiff was not a certified copy. Nevertheless, Plaintiff's pleadings and testimony at the screening hearing, liberally construed, allege that the traffic stop was unlawful at its inception and that the traffic stop lacked probable cause. The Court recognizes that it is not bound by the decision of the state court in the underlying criminal prosecution. *See McCoy v. Hernandez*, 203 F.3d 371, 373-74 (5th Cir. 2000); *Bilida v. McCleod*, 211 F.3d 166, 170-71 (1st Cir. 2000). Nevertheless, the Court finds that Plaintiff should be afforded the opportunity to develop the facts in support of this claim.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [22] Motion to Dismiss is GRANTED in part and DENIED in part subject to the provisions outlined in this Order. Plaintiff's claims against the Defendant City of Ocean Springs are hereby dismissed with prejudice for failure to state a claim. Plaintiff's claims of excessive force and illegal seizure against Defendants Brandle and Strong are allowed to proceed at this time, subject to renewed motions for summary judgment, including but not limited to the defense of qualified immunity.

IT IS FURTHER ORDERED that discovery on the remaining claims against Officers Strong and Brandle shall be completed by October 17, 2016, and that dispositive motions shall be filed by October 31, 2016.

SO ORDERED, this the 17th day of August, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE